Olimpia Jacqueline REYES–FLORES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73839.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 6, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Law Office of Victor Martinez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Olimpia Jacqueline Reyes–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process claims in immigration proceedings, *see Colmenar v.*

** This disposition is not appropriate for publication and is not precedent except as provid-

*INS,* 210 F.3d 967, 971 (9th Cir.2000), and we deny the petition for review.

Reyes–Flores' contention that she was not given the opportunity to present evidence that her criminal conviction involved a controlled substance that did not fall within the federal definition is not supported by the record.

## PETITION FOR REVIEW DENIED.

PREGERSON, Circuit Judge, specially concurring.

Although I agree that Reyes–Flores was not denied a full and fair hearing, I am troubled by this case. It is unclear to me why her counsel failed to obtain criminal records, witness affidavits, or other documentation indicating the specific substance involved, if such evidence existed. Reyes–Flores' immigration proceedings took place over a six-month period, in which the IJ repeatedly requested Reyes–Flores, through counsel, to submit all documents related to the conviction; however, no additional conviction documents were ever filed. I believe her counsel's performance was deficient in failing to further investigate into her criminal conviction during her immigration proceedings. *Her remedy, however, is to file a motion to reopen based on ineffective assistance of counsel with the BIA.*